*In re* EXTENSIÓN DE LA VIGENCIA DE LAS REGLAS TRANSITORIAS DE
PROCEDIMIENTO PARA ASUNTOS DE MENORES Y PARA DEJAR SIN
EFECTO LA ORDEN X DE 20 DE ENERO DE 1995 SOBRE REGLAS
TRANSITORIAS PARA PROCEDIMIENTO APELATIVO EN LAS REGLAS
DE PROCEDIMIENTO PARA ASUNTOS DE MENORES.

*Número:* VIII          *Resuelto:* 30 de junio de 1999

## ORDEN VIII

La reorganización que contempla la Ley de la Judica-
tura de Puerto Rico de 1994, según enmendada, ha reque-
rido una revisión de las Reglas de Procedimiento para
Asuntos de Menores. La adaptación del sistema actual a
los cambios contemplados en la nueva Ley ha de llevarse a
cabo de forma paulatina y gradual. De esta manera se evi-
tan, en lo posible, desajustes que afecten los vitales servi-
cios que ofrecen los tribunales a los ciudadanos. A estos
efectos, y para poder lograr la flexibilidad que requiere la
adaptación del sistema durante el período de reorganiza-
ción, se ha hecho necesario extender la vigencia de la Or-
den Administrativa VIII de 20 de enero de 1995, según
enmendada, el 23 de enero de 1995, mediante la cual se
emitieron unas reglas de transición de Procedimiento para
Asuntos de Menores.

Con el propósito de dar fiel cumplimiento al mandato
expreso del Art. 1.002 de la nueva Ley, 4 L.P.R.A. sec. 22a,
y para adecuar a ella las Reglas de Procedimiento para
Asuntos de Menores, se extiende la vigencia de las enmien-
das a las Reglas 2.2, 2.9, 2.12, 2.16, 2.17, 3.1, 4.5, 6.10,
13.10 y 13.13. Éstas se conocerán como Reglas Transitorias
de Procedimiento para Asuntos de Menores. Las enmien-
das transitorias se anejan a esta Orden.

Las reglas de transición serán evaluadas por la Oficina
de Administración de los Tribunales por un período de por
lo menos un (1) año, de forma tal que se puedan ir ha-

ciendo los ajustes que sean necesarios para asegurar a los ciudadanos el eficiente funcionamiento de los tribunales.

Luego de este período de adaptación, se le someterán al Comité de Reglas para Asuntos de Menores adscrito al Secretariado de la Conferencia Judicial del Tribunal Supremo, las reglas de transición y las evaluaciones realizadas, para que éste prepare un proyecto de nuevas reglas procesales, las cuales presentarán al Tribunal Supremo para su consideración y posible adopción, conforme a la Sec. 7 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1.

De otra parte, la Ley Núm. 88 de 27 de julio de 1996 enmendó las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, acogiendo las Reglas Transitorias para el Procedimiento Apelativo y conformándolas a la Ley de la Judicatura de 1994, según enmendada. Se deja sin efecto la Orden X de 20 de enero de 1995, mediante la cual se habían adoptado las reglas transitorias para dicho procedimiento apelativo.

Esta Orden Administrativa entrará en vigor el 1ro de julio de 1999.

*Publíquese.*

Lo decretó y firma.

(*Fdo.*) José A. Andréu Gracía
*Juez Presidente del Tribunal Supremo*

CERTIFICO:

(*Fdo.*) Mercedes M. Bauermeister
*Directora Administrativa de los Tribunales*

# REGLAS TRANSITORIAS DE PROCEDIMIENTO PARA ASUNTOS DE MENORES

## CAPÍTULO II. PROCEDIMIENTO PRELIMINARES: APREHENSIÓN Y DETERMINACIÓN DE CAUSA PROBABLE PARA PRESENTAR LA QUERELLA

### Regla 2.2. Obtención de la orden de aprehensión: quién puede dictarla

(a) La queja que se presente en interés de un menor servirá de base para la expedición de una orden de aprehensión. Deberá estar firmada y jurada por la persona que tenga conocimiento personal de los hechos. Podrán también firmar y jurar quejas los Procuradores para Asuntos de Menores, los fiscales y miembros de la Policía Estatal cuando los hechos constitutivos de la falta les consten por información y creencia, pero en estos casos dicha queja servirá de base para la expedición de una orden de aprehensión, únicamente cuando el juez haya examinado algún testigo que tenga conocimiento personal de los hechos.

(b) Si de la queja y del examen de los testigos con conocimiento personal de los hechos se determina que existe causa probable para relacionar al menor con los hechos constitutivos de una falta, el juez expedirá una orden de aprehensión o citará al menor, sujeto a lo dispuesto en la Regla 2.8 de [estas reglas].

### Regla 2.9. Procedimiento ante el juez luego de la aprehensión

(a) Un funcionario del orden público que aprehenda a un menor mediante orden judicial deberá conducirlo sin demora innecesaria ante un juez. Cuando se aprehenda a

un menor sin mediar una orden y se le conduzca ante un juez, se presentará inmediatamente la queja y se expedirá una orden de aprehensión o citación, con sujeción a estas reglas.

(b) El juez informará al menor aprehendido y a sus padres o encargados, si éstos están presentes, de la queja presentada, de su derecho a permanecer en silencio en relación con hechos que motivan su aprehensión, a no incriminarse y a estar representado por abogado y que al tribunal, en los casos apropiados, podrá renunciar en su ausencia a la jurisdicción. Además, explicará al menor, a sus padres o encargados del deber de mantener al tribunal informado de cualquier cambio de dirección residencial o postal.

(c) Todos los procedimientos al amparo de esta disposición se efectuarán en privado salvaguardando el derecho de confidencialidad que disponen las secs. 2201 *et seq.* [del título 34 L.P.R.A.].

(d) Corresponderá al juez determinar si el menor va a permanecer bajo la custodia de sus padres o encargados hasta la vista de determinación de causa probable para la radicación de la querella o si ordenará su detención provisional conforme a lo dispuesto en la sec. 2220 [del título 34 L.P.R.A.]. Cuando se ordene la detención provisional el juez consignará por escrito los fundamentos que justifiquen dicha orden.

Si el menor es detenido provisionalmente o si queda bajo la custodia de sus padres o encargados, se le citará para que comparezca a la vista de determinación de causa probable para la radicación de la querella. En el primer supuesto, salvo causas excepcionales, la vista se celebrará dentro de los siete (7) días posteriores a la aprehensión. En el segundo, la vista se celebrará dentro de los siguientes treinta (30) días. Se aplicarán a este procedimiento todas las normas de juicio rápido existentes en nuestra jurisdicción.

(e) El juez remitirá la queja, la orden de aprehensión y copia de la orden de detención provisional, si éste fuera el caso, o la citación, a la secretaria de la sala del tribunal correspondiente y a la Oficina del Procurador para Asuntos de Menores, para que se lleven a cabo los trámites posteriores que ordenan las reglas.

Si se ordena la detención provisional, la orden de detención se enviará al director de la institución donde se recluya al menor.

(f) Una moción solicitando la revisión de una orden de detención provisional se resolverá el próximo día laborable de su presentación previa audiencia al Procurador para Asuntos de Menores y al menor imputado. En la vista se considerarán diversas circunstancias, tales como la seguridad del menor, historial conocido de incomparecencias, riesgo que representa para la comunidad y si existen personas responsables dispuestas a custodiar al menor y garantizar su comparecencia en las etapas posteriores del procedimiento. Si procediese el egreso, a juicio del tribunal, se dictará resolución al efecto y se citará al menor y a sus padres o encargados para la vista de determinación de causa probable. Si el tribunal no resolviera en ese término el menor tendrá que ser excarcelado.

El juez que entienda en la revisión de una orden de detención provisional será un juez del Tribunal de Primera Instancia distinto al que presidió la vista de aprehensión. No constituirá motivo de inhibición en las etapas posteriores del procedimiento que el juez haya entendido en la revisión de una orden de detención provisional.

## Regla 2.12. Efectos de la determinación de no causa probable

Si en la vista de determinación de causa probable el juez determina que no existe causa probable para radicar la querella o que existe causa por una falta inferior a la imputada, el Procurador podrá someter el asunto de nuevo

con la misma u otra prueba ante otro juez del Tribunal de Primera Instancia, dentro del término máximo de sesenta (60) días a partir de la fecha de la resolución.

## Regla 2.16. Revisión de la orden de detención

A solicitud del menor, la orden de detención podrá ser revisada por el Tribunal de Primera Instancia que ejerza su autoridad bajo las disposiciones de las secs. 2201 *et seq*. [del título 34 L.P.R.A.], previa notificación al Procurador.

La vista de revisión de la orden de detención tendrá prelación y se señalará para la fecha más próxima, dentro de los cinco (5) días posteriores a la fecha de la presentación de la solicitud de revisión, a menos que exista justa causa en contrario.

En la vista se considerarán las diversas circunstancias pertinentes al egreso del menor y a tales efectos el tribunal escuchará al Procurador y examinará el informe preparado por el trabajador social. Si procediese el egreso a juicio del tribunal, se dictará resolución al efecto y se citará al menor y a sus padres o encargados para la vista adjudicativa correspondiente.

## Regla 2.17. Procedimiento en casos de menores referidos del procedimiento criminal

En aquellos casos en que, luego de celebrada una vista de causa para arresto o una vista de causa probable conforme a la Regla 23 de Procedimiento Criminal, [34 L.P.R.A. Ap. II], se determine que el imputado es menor de edad, el juez ordenará la remisión del expediente al Procurador para la presentación del Tribunal de Primera Instancia para Asuntos de Menores que corresponda y procederá a la cancelación de la fianza que se haya prestado.

En aquellos casos en que se haya imputado al menor que hubiere cumplido catorce (14) años de edad el delito de asesinato y el juez determine la existencia de causa probable por un delito distinto al asesinato, ordenará la remisión

del expediente de éste y cualquier otro delito que surgiere de la misma transacción al Procurador para la presentación de la querella que proceda ante la Sala del Tribunal de Primera Instancia para Asuntos de Menores que corresponda y procederá a la cancelación de la fianza que se haya prestado.

En estos casos no será necesario la celebración de las vistas dispuestas en las Reglas 2.9 y 2.11 de [estas reglas] por haberse determinado causa previamente en el procedimiento ordinario como adulto.

Al presentar la querella, el Procurador solicitará de entenderlo necesario y de conformidad con las reglas aplicables, la celebración de una vista para determinar sobre la detención provisional del menor previo a la vista adjudicativa.

## CAPÍTULO III. LA QUERELLA

### Regla 3.1. La querella; contenido

La querella es el escrito radicado por el Procurador en el Tribunal que describe la falta imputada al menor, previa determinación de causa probable. Será firmada, jurada y radicada en la secretaría del Tribunal de Primera Instancia que ejerza su autoridad bajo las disposiciones de las secs. 2201 *et seq.* [del título 34 L.P.R.A.].

La querella deberá contener los siguientes datos:

(a) Sala del Tribunal competente.

(b) Número de radicación de la querella.

(c) Nombre y apellidos, edad y lugar de nacimiento del menor querellado.

(d) Dirección del menor —residencial y postal— y su número de seguro social.

(e) Constancia de la comparecencia del menor y de sus padres o encargados a la vista de determinación de causa probable, de que fue representado por abogado o re-

nunció a este derecho, y de que se le formularon las demás advertencias de rigor.

(f) Nombre, dirección —residencial y postal— y número de teléfono de cada uno de los padres o encargados.

(g) Falta imputada y su clasificación.

(h) Relación de los hechos constitutivos de la falta, fecha y lugar en que éstos ocurrieron.

(i) Nombre y dirección del querellante y de todos los testigos.

(j) Determinación del juez, nombre, firma y fecha.

(k) **Juramento del Procurador.** Si la determinación de causa probable fue hecha en ausencia del menor, conforme a la Regla 2.14 de [estas reglas], o se desconociere alguno de los datos consignados en la Regla 3.1(c), (d), (e) y (f) de [estas reglas] se prescindirá de los mismos.

## CAPÍTULO IV. RENUNCIA DE JURISDICCIÓN

### Regla 4.5. Renuncia de jurisdicción; resolución y traslado

(a) El Tribunal dictará resolución fundamentada dentro de los veinte (20) días posteriores a la terminación de la vista del asunto ante su consideración. Si el tribunal dictase resolución en que declare con lugar la renuncia de jurisdicción, ordenará el traslado del caso a jurisdicción ordinaria para que se tramite como si se tratara de un adulto e impondrá al menor la fianza que corresponda de acuerdo con los criterios establecidos en las Reglas de Procedimiento Criminal, [34 L.P.R.A. Ap. II]. En estos casos el menor al cual el Tribunal renuncia a su jurisdicción podrá solicitar la revisión de la fianza señalada mediante moción ante la Sala del Tribunal de Primera Instancia correspondiente. Con la orden se trasladará todo tipo de falta pendiente de adjudicación. Se acompañarán las decla-

raciones, la evidencia, los documentos y demás información en poder del Tribunal, excepto aquellas que, de acuerdo con estas reglas, sean de carácter confidencial tales como informes sociales, psicológicos, psiquiátricos y neurológicos, más evaluaciones periciales en el área socioemocional.

La notificación de la renuncia que el secretario del Tribunal enviará al fiscal de distrito o a la autoridad competente no contendrá copia de la resolución dictada.

El Procurador será responsable de que el menor sea conducida inmediatamente a las autoridades pertinentes para que se inicien los procedimientos como adulto en la jurisdicción ordinaria, como si se tratara de un adulto.

## CAPÍTULO VI. MOCIONES Y CONFERENCIA CON ANTELACIÓN A LA VISTA ADJUDICATIVA

### Regla 6.10. Moción de inhibición

El Procurador o el menor podrán solicitar, por escrito y bajo juramento, la inhibición del Juez por cualquiera de los siguientes fundamentos:

(a) Que el Juez haya sido Procurador o abogado de defensa del menor.

(b) Que el Juez haya actuado en ese mismo carácter a los fines de emitir la orden de aprehensión, de detención provisional o de citación, o a los fines de determinar causa probable para la radicación de la querella.

(c) Que el Juez tenga interés en el resultado del caso.

(d) Que el Juez tenga opinión formada o prejuicio a favor o en contra de cualquiera de las partes, o haya prejuzgado el caso.

(e) Que el Juez tenga relación de parentesco por consaguinidad o afinidad dentro del cuarto grado con el menor, con la víctima de la falta imputada o con el abogado defensor o el Procurador.

(f) Que el Juez sea testigo esencial en el caso.

El Juez cuya inhibición se solicite no conocerá de la misma y ésta será dilucidada ante otro juez.

Nada de lo aquí dispuesto impedirá a un juez inhibirse a instancia propia por cualquier causa justificada.

## Regla 13.10. Jueces

Los jueces del Tribunal de Primera Instancia tendrán autoridad para dictar órdenes de aprehensión contra un menor, así como poder ordenar su detención provisional o que quede bajo la custodia de sus padres o encargados conforme los dispuesto en la Regla 2.9 de este apéndice, y para determinar causa probable y entender en los procedimientos provistos por las Reglas 2.10, 2.11, 2.13, 2.14, 2.15, 6.6 y 13.1 de [estas reglas]. También podrán entender en los procedimientos de entrevista *ex parte* inicial y vista sumaria inicial sobre revocación provista en la Regla 8.13 de [estas reglas].

## Regla 13.13. Vigencia

Se extiende la vigencia de estas reglas transitorias por un período de un (1) año, término durante el cual se seguirá el trámite dispuesto por la Sección 6 del Artículo V de la Constitución del Estado Libre Asociado de Puerto Rico.